UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IGNACIO MOLINA, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 3:19-cv-00174 |
| EXPORT & IMPORT, INC d/b/a VITAL CURE | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Ignacio Molina ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Export & Import, Inc d/b/a Vital Cure. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Personal Property ("TPP").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant conducts business in the Western District of Texas, and maintains significant business contacts in the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age.

5. Defendant is a corporation headquartered in Miami, Florida.

## FACTS SUPPORTING CAUSES OF ACTION

6. Around April 4, 2019, Plaintiff saw Defendant's television advertisement and was intrigued by its product.

7. Plaintiff immediately placed an outbound call to Defendant to inquire about its products. During this call, a representative of Defendant quoted a price that was too high for Plaintiff. Plaintiff responded by declining the offer and asking to be placed on the no call list.

8. Thereafter, Defendant began placing harassing telemarketing calls to Plaintiff's cellular phone number, (915) XXX-3375.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number, (915) XXX-3375. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

10. Subsequently, Plaintiff answered numerous calls from Defendant. During these calls, Plaintiff reiterated he was not interested in Defendant's products, asked that Defendant stop contacting him on his cellular phone, and requested for Defendant put him on the no call list.

11. Failing to acquiesce to Plaintiff's demand that it stop contacting him, Defendant continued to call Plaintiff's cellular telephone in an attempt to coerce Plaintiff into purchasing it's product, calling up to ten (10) times in one day on multiple occasions.

12. Despite being on notice that communications to Plaintiff's cellular telephone are not welcome, Defendant continues to call Plaintiff.

13. Notwithstanding Plaintiff's request that Defendant cease calling his cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between April 2019 and the present day.

14. In the phone calls Plaintiff answered and spoke to a live agent, Plaintiff was greeted by a noticeable period of "dead air" while the Defendant's telephone system attempted to connect Plaintiff to the live agent.

15. Specifically, there would be an approximate 3-second pause between the time Plaintiff said "hello," and the time that a live agent introduced themselves as a representative of Defendant.

16. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, on weekends, and on back to back days, with such frequency as can be reasonably expected to harass.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a system that is commonly used in the telemarketing industry to contact potential customers.

**DAMAGES**

20. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful activities.

23. Defendant's phone harassment campaign and illegal activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls and pre-recorded messages, aggravation that accompanies unsolicited messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

27. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

28. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

29. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between April 2019 and the present day, using an ATDS without his prior consent.

30. Any prior consent, if any, was revoked by Plaintiff's multiple verbal revocations.

31. As pled above, Plaintiff was severely harmed by Defendant's calls to his cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew its practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through its agents, representatives, subsidiaries, vendors, independent contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff IGNACIO MOLINA respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per call, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Defendant, through its conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

38. Defendant's persistent and unwanted autodialed phone calls to his cellular phone eliminated Plaintiff's right to be left alone.

39. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

40. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

41. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

42. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, and continually frustrated and annoyed Plaintiff into submission.

43. These persistent calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

44. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into purchasing its products, Plaintiff had no reasonable escape from these incessant calls.

45. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

46. Defendant's relentless conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

47. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, IGNACIO MOLINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff his reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

50. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into purchasing its products via intrusions, threats and harassment carried out during the phone calls to Plaintiff's cellular phone.

51. Defendant knew that its relentless phone would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

52. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

53. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

54. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls, at all hours of the day, whether Plaintiff was at home or elsewhere, in an attempt to coerce Plaintiff into making a purchase.

55. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

56. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

57. Plaintiff suffered an emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

58. As stated above, Plaintiff has suffered damages from Defendant's outrageous conduct.

**WHEREFORE,** Plaintiff IGNACIO MOLINA respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Enter judgment in his favor and against Defendant;
  b. Award Plaintiff his actual damages in an amount to be determined at trial;
  c. Award Plaintiff punitive damages in an amount to be determined at trial;
  d. Award any other relief this Honorable Court deems equitable and just.

### COUNT IV-TRESPASS TO PERSONAL PROPERTY

59. Plaintiff restates and realleges paragraphs 1 through 58 as though fully set forth herein.

60. Trespass to Personal Property is "an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force." *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).

61. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

62. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

63. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

64. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

65. Defendant bombarded Plaintiff with numerous calls, leaving him unable to use or possess his phone in the manner in which he wanted to.

66. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting him on numerous occasions.

67. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to his cellular telephone, the loss of battery charge, and the loss of battery life.

68. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

**WHEREFORE,** Plaintiff, IGNACIO MOLINA respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Enter judgment in his favor and against Defendant;

    b.  Award Plaintiff his actual damages in an amount to be determined at trial;

    c.  Award Plaintiff punitive damages in an amount to be determined at trial;

    d.  Enjoining Defendant from contacting Plaintiff;

    e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: June 21, 2019

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 537-1770
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com